[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16991
Non-Argument Calendar

_____

D. C. Docket No. 08-00336-CR-T-23MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDI PADILLA-URBINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 2, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Rudi Padilla-Urbina appeals his nine-month sentence for

transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i). On appeal, Padilla-Urbina argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors, specifically, whether there was an unwarranted sentencing disparity between his nine-month sentence and the six-month sentence of his co-conspirator, Cecilia Diaz-Hernandez. He contends that, although the underlying facts were the same, his sentence was 50 percent higher than that of Diaz-Hernandez. He also asserts that his sentence was unreasonable, given that the district court failed to address the § 3553(a) factors.

We review "all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a deferential abuse-of-discretion standard." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted). Pursuant to *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007), we must review the sentencing process for both procedural error and substantive reasonableness. *Livesay*, 525 F.3d at 1091. Procedural errors occur when the district court fails to calculate or improperly calculates the guidelines range, treats the guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. *Id.* It is sufficient for the district court to acknowledge that it has considered the § 3553(a) factors, but it need not explicitly discuss each of

2

them. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). We examine substantive reasonableness "under an abuse of discretion standard, taking into account the totality of the circumstances." *Livesay*, 525 F.3d at 1091 (quotations omitted). Our reasonableness review is deferential, and requires that we "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *Id.*

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the

Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7). "Disparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).

We have recognized that "there is a range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788. Necessarily, there are also "sentences outside the range of reasonableness that do not achieve the purposes of sentencing stated in § 3553(a) and that thus the district court may not impose." *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). Although a sentence within the advisory guidelines range is not *per se* reasonable, we would ordinarily expect such a sentence to be reasonable. *See Talley*, 431 F.3d at 788; *see also Rita v. United States*, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-63, 168 L. Ed. 2d 203 (2007) (noting that a sentence within the properly calculated Guidelines range "significantly increases the likelihood that the sentence is a reasonable one.").

The record here demonstrates that the district court considered the 18 U.S.C. § 3553(a) factors and sentenced Padilla-Urbina within the guidelines range. Contrary to Padilla-Urbina's contention, that the record also demonstrates that the

4

district court considered the three-month disparity between Padilla-Urbina's sentence and that of his co-conspirator, and explained why Padilla-Urbina deserved a higher sentence, given that he was the "soul and inspiration" of the smuggling operation. Moreover, we conclude that Padilla-Urbina has not satisfied his burden of establishing that his sentence was unreasonable. Accordingly, we affirm Padilla-Urbina's nine-month sentence.

**AFFIRMED.**